SCHOEMAN, UPDIKE & KAUFMAN, LLP
60 East 42 Street
New York, NY 10165
(212) 661-5030
David B. Gordon (DG 0010)

*Attorneys for Defendant*
*AlliedBarton Security Services LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**DOLORES EMILIANO,**

      **Plaintiff,**

v.

**ALLIED BARTON SECURITY SERVICES LLC,**

      **Defendant.**

---

**CASE NO.: 07 CV 8234 (RPP)**

## ANSWER

COMES NOW Defendant AlliedBarton Security Services, LLC ("AlliedBarton" or "Defendant"), by and through counsel, and responds to Plaintiff's Verified Complaint and Jury Demand (hereinafter "Complaint") as follows:

### INTRODUCTION

1. Defendant admits that Plaintiff's Complaint purports to set forth claims for alleged violations of her civil rights and/or other legal rights, but denies that it violated any of Plaintiff's civil rights or otherwise engaged in any unlawful conduct toward Plaintiff. Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff purports to seek monetary compensation and other damages for alleged conduct by Defendant that Plaintiff alleges violated Title VII of the Civil Rights Act of 1964 ("Title VII") and/or the New York State Human Rights Law, but

denies that it violated the identified statutes or otherwise engaged in any unlawful conduct toward Plaintiff. Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendant admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and/or 1367, based on Plaintiff's allegations in the Complaint, but denies that it engaged in any unlawful conduct toward Plaintiff as alleged in the Complaint or otherwise. Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 4 of the Complaint.

5. Defendant does not contest jurisdiction and admits that Plaintiff alleges that the acts alleged in the Complaint occurred in whole or in part in the Southern District of New York, but denies that it engaged in any unlawful conduct toward Plaintiff in the Southern District of New York or elsewhere. Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 5 of the Complaint.

## ADMINISTRATIVE PROCEEDINGS

6. Defendant admits that the Determination and Order of Dismissal for Administrative Convenience from the New York State Division of Human Rights was attached to Plaintiff's Complaint, but Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 of the Complaint and, therefore, denies any and all remaining allegations in Paragraph 6 of the Complaint.

## PARTIES

7. Defendant admits, upon information and belief, that Plaintiff is a female, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the

remaining allegations in Paragraph 7 of the Complaint and, therefore, denies any and all remaining allegations in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required. However, to the extent a response is necessary, Defendant denies the allegations in Paragraph 8 of the Complaint.

## ALLEGATIONS

9. Defendant restates and incorporates by reference its responses to Paragraphs 1 through 8 above, as if fully set forth herein.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant admits, upon information and belief, that Plaintiff and Ricky White met for drinks on one occasion, and that Mr. White gave Plaintiff a ride to the train station thereafter. Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits that on or about March 13, 2007, Plaintiff made a complaint to Jim Grant, Vice-President of Operations for Defendant. Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 19 of the Complaint.

20. Defendant admits that it was unable to substantiate Plaintiff's complaints through its investigation and that Plaintiff was reassigned to a different work location.

Except as expressly admitted herein, Defendant denies any and all remaining allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant admits the allegations in Paragraph 23 of the Complaint.

### AS TO THE FIRST CAUSE OF ACTION BASED ON GENDER UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24. Defendant restates and incorporates by reference its responses to Paragraphs 1 through 23 above, as if fully set forth herein.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

### AS TO THE SECOND CAUSE OF ACTION BASED ON GENDER UNDER NEW YORK EXECUTIVE LAW §290

27. Defendant restates and incorporates by reference its responses to Paragraphs 1 through 26 above, as if fully set forth herein.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

### AS TO THE THIRD CAUSE OF ACTION BASED ON HOSTILE WORK ENVIRONMENT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

30. Defendant restates and incorporates by reference its responses to Paragraph 1 through 29 above, as if fully set forth herein.

[Paragraphs 31 through 35 are omitted from Plaintiff's Complaint.]

36.[sic] Defendant denies the allegations in Paragraph 36 of the Complaint.

37.[*sic*] Defendant denies the allegations in Paragraph 37 of the Complaint.

### AS TO THE FOURTH CAUSE OF ACTION BASED ON
### HOSTILE WORK ENVIRONMENT PURSUANT TO
### THE NEW YORK EXECUTIVE LAW §290

38.[*sic*]   Defendant restates and incorporates by reference its responses to Paragraphs 1 through 37 above, as if fully set forth herein.

39.[*sic*]   Defendant denies the allegations in Paragraph 39 of the Complaint.

40.[*sic*]   Defendant denies the allegations in Paragraph 40 of the Complaint.

### AS TO THE FIFTH CAUSE OF ACTION BASED ON RETALIATION
### UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

41.[*sic*]   Defendant restates and incorporates by reference its responses to Paragraphs 1 through 40 above, as if fully set forth herein.

42.[*sic*]   Defendant denies the allegations in Paragraph 42 of the Complaint.

43.[*sic*]   Defendant denies the allegations in Paragraph 43 of the Complaint.

### AS TO THE SIXTH CAUSE OF ACTION BASED ON
### RETALIATION UNDER NEW YORK EXECUTIVE LAW §290

44.[*sic*]   Defendant restates and incorporates by reference its responses to Paragraphs 1 through 43 above, as if fully set forth herein.

45.[*sic*]   Defendant denies the allegations in Paragraph 45 of the Complaint.

46.[*sic*]   Defendant denies the allegations in Paragraph 46 of the Complaint.

Specifically responding to the unnumbered Paragraph immediately following Paragraph 46 of the Complaint, which constitutes Plaintiff's Prayer for Relief, Defendant asserts that no response is required. However, to the extent a response is required, Defendant specifically denies that Plaintiff is entitled to any relief from Defendant, including, but not limited to, that specific relief requested and enumerated in the Complaint.

By way of further answer, any and all allegations in Plaintiff's Complaint which have not been expressly admitted hereinabove are hereby denied. Additionally, Defendant responds to Plaintiff's Complaint as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

All actions taken by Defendant with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory and non-retaliatory reasons.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, on the ground that some or all of the damages claimed by Plaintiff were brought about by reason of Plaintiff's own acts, actions or negligence.

### FOURTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because the losses, if any, purportedly suffered by Plaintiff were caused, if at all, by factors unrelated to any conduct or lack thereof on the part of Defendant.

### FIFTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff has failed to exhaust her administrative remedies.

### SIXTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because at all times Plaintiff's employment was at-will.

### SEVENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the exclusivity of remedies provision of the state Workers' Compensation Act.

## EIGHTH DEFENSE

To the extent Plaintiff's claims are based upon alleged intentional misconduct of specific employees and/or non-employees, Defendant cannot be held liable for such conduct based upon theories of *respondeat superior* or vicarious liability.

## NINTH DEFENSE

Plaintiff's Complaint fails to allege actions that rise to the level of a hostile work environment under Title VII or the New York Human Rights Act.

## TENTH DEFENSE

Assuming, *arguendo*, that Plaintiff has stated a case of hostile work environment harassment, Defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities offered by Defendant or to avoid harm otherwise.

## ELEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages.

## TWELFTH DEFENSE

Plaintiff is not entitled to recover any punitive damages as prayed for in the Complaint on the grounds that any award of punitive damages would violate the constitutional rights of Defendant, including, but not limited to, Defendant's rights under the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTEENTH DEFENSE

Plaintiff's Complaint, and each cause of action set forth therein, is barred, in whole or in part, due to Plaintiff's failure to mitigate any alleged damages. In the alternative, to the extent Plaintiff has mitigated any alleged damages, Defendant is entitled to a set-off for any interim earnings, benefits or other income.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of laches, unclean hands, estoppel, waiver, avoidable consequences, after-acquired evidence, unjust enrichment and/or principles of equity.

## FIFTEENTH DEFENSE

Even if Defendant's employee(s) acted improperly toward Plaintiff, which Defendant denies, Defendant cannot be held liable for such conduct because Defendant neither knew of such conduct, acquiesced in such conduct, nor condoned such conduct.

Defendant reserves the right to supplement its defenses based upon information obtained through discovery.

WHEREFORE, having fully answered the Complaint, Defendant prays that Plaintiff's Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of Defendant, that costs, including attorneys' fees, be awarded to Defendant, and that such other and further relief as the Court deems just and proper be granted to Defendant.

Respectfully submitted this 20th day of November, 2007.

SCHOEMAN, UPDIKE & KAUFMAN, LLP

s/David Gordon
David Gordon (DG 0010)
60 East 42nd Street
New York, NY 10165
(212) 661-5030
(212) 687-2123 (facsimile)

--and--

MARTENSON, HASBROUCK & SIMON LLP
Marty N. Martenson (Georgia Bar No. 471100)
Donna L. Keeton (Georgia Bar No. 006961)
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
(404)-909-8100
(404)-909-8120 (facsimile)

**Attorneys for Defendant**